UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ALLA IOSIFOVNA SHUPER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00317-JAW |
| | ) | |
| DAN AUSTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING APPEALS**

On August 11, 2014, Alla Iosifovna Shuper filed a complaint with ten exhibits in this Court against Dan Austin, a police officer with the Falmouth, Maine Police Department, alleging that he committed certain acts of discrimination against her. *Compl.* (ECF No. 1). On August 20, 2014, Ms. Shuper filed a motion to amend her Complaint to add an exhibit. *Mot. to Amend Compl.* (ECF No. 10). On August 22, 2014, the Magistrate Judge granted this motion to amend complaint. *Order Granting Mot. to Amend Compl.* (ECF No. 11). Ms. Shuper filed an amended complaint on August 24, 2014. *Am. Compl.* (ECF No. 12).

On August 26, 2014, Ms. Shuper filed another motion to amend complaint to add two additional exhibits. *Mot. to Amend Am. Compl.* (ECF No. 13). On August 27, 2014, the Magistrate Judge granted that motion as well. *Order Granting Mot. to Amend* (ECF No. 14). Ms. Shuper filed the second amended complaint and additional exhibits on August 27, 2014. *Second Am. Compl.* (ECF No. 15); *Additional Exs.* (ECF

No. 16). She filed additional exhibits on August 28 and August 29, 2014. (ECF No. 17 and 20).

On September 3, 2014, Ms. Shuper filed a motion to amend the second amended complaint. *Mot. to Amend the Second Am. Compl.* (ECF No. 21). On September 4, 2014, the Magistrate Judge granted that motion. *Order Granting Mot. to Amend the Second Am. Compl.* (ECF No. 22). He ruled that the "controlling pleading shall be Plaintiff's Second Amended Complaint and the exhibits referenced in [her motion to amend the second amended complaint]." *Id.* On September 11, 2014, acting through counsel, Defendant Dan Austin filed a waiver of service. *Waiver of Serv. of Summons* (ECF No. 23).

On September 23, 2014, Ms. Shuper filed a motion to clarify the status of the case and attached eight exhibits. *The Mot. to Clarify the Status of the Opened Case (Continuation)* (ECF No. 25). The motion read:

> As was described in my previous document mailed from the crises stabilization unit (where I still am) I am filing the exhibits 8 through 14 & exhibit 15.
>
> Please, I ask the federal court judge to consider as granting the motions I filed.

*Id.* at 1. On September 24, 2014, the Magistrate Judge struck the motion to clarify because he could not "determine the nature of the relief requested." *Order Striking Mot. to Clarify Status of the Opened Case* (ECF No. 26).

On September 24, 2014, Ms. Shuper filed three motions: (1) a motion to extend time; (2) a motion to clarify status of documents; and (3) a motion to amend the second amended complaint. Turning to the first motion, she filed a motion to extend time to

2

file a motion to clarify the status of the current open case. *The Mot. to Extend a Time to File the Mot. to Clarify the Status of the Current Open Case (Until Oct. 10th)* (ECF No. 27). On the same day, she filed a motion to clarify the status of documents, *The Mot. to Clarify the Status of the Docs. Prepared as a Copy of the Compl. Handled by the Me. Human Rights Comm'n (MHRC)* (ECF No. 28), and a motion to amend the second amended complaint. *The Second Mot. to Amend the Second Am. Compl. with the Exs 8, 9, 10, 11, 12, 13, 14, and Ex. 15* (ECF No. 31).

On September 25, 2014, the Magistrate Judge denied the motion to extend on the ground that there was no reason to file a motion to clarify and therefore no reason to extend the time to file such a motion. *Order Denying Mot. to Extend Time to File Mot. to Clarify* (ECF No. 29). On the same day, he also denied the motion to clarify the status of documents, because "there is no reason for Plaintiff to file any exhibits" at this stage in the case. *Order Denying Mot. to Clarify the Status of Docs.* (ECF No. 30). Finally, on September 26, 2014, the Magistrate Judge denied the motion to amend the second amended complaint because he concluded that the amendment would not "materially alter the substance of Plaintiff's claim", because he had already permitted Ms. Shuper more than one amendment, which included the filing of additional exhibits, and because further amendment was not necessary. *Order Denying Mot. to Amend Second Am. Compl. With Exs. 8-15* (ECF No. 33).

On September 25, 2014, Ms. Shuper filed another motion to clarify the status of the case. *The Mot. to Clarify the Status of the Current Opened Case* (ECF No. 32) (*Mot. to Clarify*). On September 26, 2014, the Magistrate Judge denied the motion to

3

clarify, noting that at this stage in the proceedings, there are "no issues to clarify" and "no discovery issues to address." *Order Denying Mot. to Clarify Status of the Case* (ECF No. 34). The Magistrate Judge noted that upon the filing of a responsive pleading by the Defendant, the Court would issue a scheduling order or schedule further proceedings. *Id.*

On September 28, 2014, Ms. Shuper has appealed both the Magistrate Judge's order on the motion to amend and his order on the motion to clarify status. *The Appeal to the Order 33 in regards to the Second Mot. to Amend the Second Am. Compl. With the Exs. 8, 9, 10, 11, 12, 13, 14, and Ex. 15* (ECF No. 35); *Appeal to the Order 34 Denying my Mot. – Req. 32 for Subpoena to Verizon and Time Warner Cable* (ECF No. 36).

Both of these Magistrate Judge Orders are on non-dispositive matters. The standard by which a district court reviews a non-dispositive order of a magistrate judge is found in 28 U.S.C. § 636(b)(1)(A): "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate [judge's] order is clearly erroneous or contrary to law." Thus, "when a magistrate judge decides a non-dispositive motion, the district judge may, given a timely appeal, set aside the order if it 'is clearly erroneous or is contrary to law.'" *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010) (quoting FED. R. CIV. P. 72(a)). A district judge reviews a magistrate judge's factual findings "under the 'clearly erroneous' rubric." *Sheppard v. River Valley Fitness One, L.P.*, 428 F.3d 1, 6 (1st Cir. 2005). "When . . . review of a non-dispositive motion by a district judge turns

4

on a pure question of law, that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *PowerShare*, 597 F.3d at 15.

The Court denies Ms. Shuper's appeals. First, as regards the order denying the motion to amend the complaint, the Magistrate Judge has already granted three motions to amend the complaint. Officer Austin has not as yet answered the Second Amended Complaint, which is now the operative pleading and it seems appropriate to allow a period of pleading amendment quiescence to allow the Defendant to review the operative pleading and answer it. Otherwise, the Defendant will face a moving target just to file his responsive pleading. The Magistrate Judge's order does not imply that Ms. Shuper will be forbidden ever from further amending her Second Amended Complaint. But Ms. Shuper should be aware, as the Magistrate Judge noted, that it is not necessary to attach all relevant exhibits to a complaint.

Next, as regards the motion to clarify the status of the case, Ms. Shuper filed a motion to clarify the status of the current opened case on September 25, 2014. In reviewing this motion, Ms. Shuper asked that this Court authorize subpoenas to Verizon and Time Warner. *Mot. to Clarify* at 1-3. She has reiterated this request in her appeal. *Notice of Appeal* at 1-3. Again, until Defendant Austin answers the Second Amended Complaint, the Magistrate Judge was wise to defer any discovery disputes between the parties, including subpoenas to third parties.

The Magistrate Judge's orders do not imply that Ms. Shuper will be forbidden ever from further amending her Second Amended Complaint. But Ms. Shuper should be aware, as the Magistrate Judge noted, that it is not necessary to attach all relevant

exhibits to a complaint. Nor does the Magistrate Judge's order imply that she will not be allowed to subpoena third party records, only that Officer Austin should be formally part of this litigation before she starts discovery.

The Court DENIES The Appeal to the Order 33 in regards to the Second Motion to Amend the Second Amended Complaint with the Exhibits. 8, 9, 10, 11, 12, 13, 14, and Ex. 15 (ECF No. 35) and DENIES Appeal to the Order 34 Denying my Motion – Request 32 for Subpoena to Verizon and Time Warner Cable (ECF No. 36).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2014