UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ALLA IOSIFOVNA SHUPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:14-cv-00317-JCN |
| | ) | |
| DAN AUSTIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION ON
MOTION FOR JURY TRIAL AND MOTION FOR RECONSIDERATION**[1]

On December 31, 2015, the Court issued a Memorandum of Decision on Cross Motions for Summary Judgment (ECF No. 190) and entered Judgment for Defendants. (ECF No. 191.) Subsequently, Plaintiff filed a Motion for Jury Trial (ECF No. 192) and a motion for reconsideration of the summary judgment findings.[2] (ECF No. 193.)

Although Plaintiff also filed a notice of appeal, the Court retains the jurisdiction to act on her motions. *Commonwealth of Puerto Rico v. SS Zoe Colocotroni*, 601 F.2d 39, 40 (1st Cir. 1979). After consideration of Plaintiff's arguments, the Court denies Plaintiff's motions.

**Discussion**

Because the Court entered judgment on the cross-motions for summary judgment, through her motions, Plaintiff essentially seeks relief from the judgment pursuant to Federal Rule of Civil

---

[1] The parties have filed a consent authorizing the undersigned to conduct any and all proceedings and to enter a final order and judgment in this matter. (ECF No. 56.)

[2] Plaintiff's motion for reconsideration is titled "Motion to Leave to Proceed with Filing of the Motion to Request the Moving Party Maine Public Utilities Commission (MPUC) the Approval of the Filed by Plaintiff Pro Se Documents related to the 911-calls Made by the Plaintiff Pro Se to the Falmouth PD / Falmouth Public Safety since April 9, 2011 to February 27, 2013 …." The Court has interpreted Plaintiff's motion to be a motion for reconsideration and thus a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

1

Procedure 60(b). Under Rule 60(b), although a party can seek relief from a judgment based on, inter alia, mistake, inadvertence, or newly discovered evidence that, with reasonable diligence, could not have been discovered previously, "relief under Rule 60(b) is extraordinary in nature and ... motions invoking that rule should be granted sparingly." *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir. 2002). To obtain relief, Plaintiff must persuade the Court that exceptional circumstances exist, that she has a potentially meritorious claim if the judgment is set aside, and that Defendants will experience no unfair prejudice. *Id.*

Plaintiff contends that the Court did not in good faith assess the factual record because the Court failed to request and consider the 911 records produced by the Maine Public Utilities Commission, which 911 records Plaintiff has attached to her motion for reconsideration. (ECF No. 193-1.) Preliminarily, to the extent Plaintiff contends that the Court erred because it did not ask the parties to file the 911 records in connection with the motions for summary judgment, Plaintiff's argument fails insofar as the parties, and not the Court, are responsible for presenting the summary judgment record.

In addition, even if all of the 911 records had been included as part of the summary judgment record, the records would not have altered the Court's summary judgment analysis and decision. First, contrary to Plaintiff's apparent argument, Plaintiff's 911 calls were not the bases for Defendant Austin's decision to arrest Plaintiff. Instead, the uncontroverted evidence established that Defendant Austin issued Plaintiff a summons for her alleged misuse of the 911 system, and arrested her for her failure to sign the summons. Whether Plaintiff made emergency or non-emergency calls at a particular time is thus not relevant to whether Defendant Austin had probable cause to arrest her for her failure to sign the summons.

Furthermore, even if Defendants were required to demonstrate that Defendant Austin had probable cause to believe that Plaintiff misused the 911 system, the 911 records would not have prevented the entry of summary judgment in favor of Defendants. That is, the records, which confirm that Plaintiff made the calls that Defendants cite to support their contention that Plaintiff misused the system, but which do not include the substance of the calls, do not controvert the record evidence that establishes that Plaintiff made non-emergency calls to 911 after Defendants warned her not to do so.

## Conclusion

Plaintiff has failed to demonstrate that she is entitled to relief from the judgment entered in favor of Defendants, or that reconsideration of the judgment is otherwise appropriate. Accordingly, the Court denies Plaintiff's motion for a jury trial,[3] and her motion for reconsideration.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of March, 2016.

---

[3] In the event Plaintiff intended her motion for jury trial to constitute a separate challenge to the constitutionality of the summary judgment process, Plaintiff's argument fails. "[A] grant of summary judgment does not compromise the Seventh Amendment's jury trial right because that right exists only with respect to genuinely disputed issues of material fact." *Calvi v. Knox County,* 470 F.3d 422, 427 (1st Cir. 2006).